The counsel for the appellee, presented the following petition for re-hearing.
The right of the appellee to compensation for ¡in-provements and ameliorations, made by him on the laiKÍ of the appellants, having been^sustained by the opinion of the court, it is with reluctance, that his counsel would again trouble the court with the cause, But, heleiving that the cour; have mistaken some of the facts, assumed in the opinion, and have adopted principles, in some respects, different from those hitherto acted on by this, and other courts of chancery, the counsel feel impelled, by a sense of duty to their client, respectfully to ask of the court, a re-consideration of the cause, and a revision of the opinion rendered.
It is rot intended, nor is it necessary, to go into a particular statement of all the facts of the case. The principles on which the cause turns, and those adverted to by the court, grew out of a report, made by commissioners, appointed by the court below, to assess improvements, rents, &c.; and it will be necessary only, to call the attention of the court, to that report, to shew that the facts stated in th*? opinion, have been incorrectly assumed.
In pursuance to the order of court, appointing them^ the commissioners have reported, not only as the court have assumed, the valup of the rents of the land^, up to the former decision of this court in 1816, but also, the value, after that decision, up to the time of making out the ^report, in 1826. The report closes on page 120 of the record, and by adverting to that part of the report contained on that page, i he court ■will find, that for rents, up to the former decision, in J816, the appellee is charged with $ 1,091 25 cents, and that for rents, from that decision, up to the date of the report, in 1826, he is charged with th* sum of *524 $1,912 50 cents, making an aggregate charge against him, of $3,003 75 cents, for rents. This sum taken from $6,216 16 cents, the aggregate value assessed in favor of the appellee, for improvements* made by him on the land, both before and afté^ the decision, in 1816, leaves a ballance in his fav&r, of $3,212 39 cents; from which, deduct one year’s rent, adjudged by the circuit court, to have been omitted, since the former decision, leaves precisely the amount in favor of the appellee, which was decreed to him by that court.
Having thus briefly called the attention of the court, to that part of the report, which will present the assumed fact, in a correct point of view, the counsel of the appellee, will proceed to notice the points of law, which they respectfully contend, have been incorrectly ruled by the court.
The opinion of the court approves and sanctions the right of the appellee, to improvements made on the land by him, after the former decision of this court, as well as those which were made before; but a distinction is, notwithstanding, taken between the two, and a different rule is adopted for ascertaining the value of the latter, from that which is made to govern the former.
That it would be improper to allow the appellee, any thing for improvements, made upon the land after the decision of this court, in 1816, above the value of the rents, the counsel will not pretend to controvert. After that decision, the appellee may not be considered as assuming such a favorable attitude, in the eye of the chancellor, as to authorize a decree in his favor, for improvements afterwards made. But as ihe court have correctly remarked, he ought not, even after that decision, to be viewed as a fraudulent occupier of thelqnd, and though not entitled to the entire aid of the court, in decreeing compensation to him, for the. after improvements, he should be allowed to bring those into nccounf, s0 to diminish the amount of rent allowed against him, for Ihé use of the land. It was upon this principle, that the case of Thompson and Mason, &c. IV. Bibb, 195, was decided; and that decision is apprpved in the case referred to, by the court.
*525 In taking the amount, however, for such a purpose, and with such an object, it is respectfully contended, that the rule should be applied, which, in the opinion of the court is adopted, as to improvements made before the decision in 1816. If, for any purpose, compensation for after improvements be allowable, no reason is perceived why a different rule for assessing their value, should be adopted to that which is applied 'a improvements, previously made; and no case, either in this court, or in any other court, whose decisions are admitted as authority here, is recollected where such a difference in the application of principles has been made. It might, originally, have been a question of some moment, whether either, as to the improvements made before, or after the decision in 1816, the value should be assessed, according to the actual value, or prime cost, when first made, or according to the increased value of the land. But, as early as the case Hart's heirs vs. Baylor, Har. pa. 597, it was decided by this court, that the actual value or cost of the improvements, when made, without regard to the increased valueof theland, formed the rule for ascertaining the value. The principles decided in that case, it is believed, have been invariably adhered to ever since, and are emphatically sanctioned, as to the improvements made before the first decision of this court, by the decision in the case of Ewing’s administrator, &c. vs. Hanley’s executors, IV. Litt. Rep. 371-4, refered to by the court.
And if the court will take the trouble to look into, the record of the case of Thompson and Mason, &c. IV. Bibb, they will find that the report, as to after improvements, was made out on the same principle, and was sustained by the court. Indeed, it is believed by the counsel of the appellee, that amidst the many cases which have occurred of like nature, not a solitary one can be found, in which the rule adopted by the court, in the opinion in this case, as to after improvements, has ever been recognized.
In their report, the commissioners have estimated the clearing of land, to be of the value of twenty-five dollars per acre, and without any. evidence, other than that contained in the report, the court in their *526 opinion, professing to be governed by their knowledge of the history and topography of the country, and the prices of ordinary labour, have pronounced the valuation exorbitant, and unconscientious; and decreed, that for that reason, it ought to be quashed. The counsel for the appellee, would respectfully suggest,' that in thus taking upon themselves to know that thd commissioners have made an unjust, and expensi/e valuation of the clearing of the land, the courChave assumed a fact which, from any information the counsel possess, as derived from the general history of the' country,. or otherwise, they are unable to approve. The value of clearing an acre of the land, must neu cessariiy depend upon the manner it was done; the number of trees which were cut; the time required for clearing, &c. &c.; and is there no land in this country, the clearing of which is worth twenty-five dollars per acre? May not the land cleared by Bar-net, be worth as much per acre, as any other? How many trees were on an acre of the land cleared, and were they all cut? How long did it take to clear aij acre? Will the knowledge which the cqurt have of the history and topography of the country enable them to answer? If it does, why remand the case; again to the commissioners? why not pronounce what the value is, and put a final end to the contest? The counsel would, however, respectfully contend, that those are inquiries, which should be answered by the testimony of witnesses, or by actual view of the land. /The commissioners were appointed to take this view, and ascertain, from all the circumstances* the real value; they went upon the land, were sworn to estimate the value truly, apd have qiade report, That report, it is contended, should be taken by the, court, as satisfactory evidence of vajue, until disproved by testimony, and as the record contains no evidence contravening the report, the court cannot judicially know, that the valuation is either unjust oy exorbitant.
The court also say, that the commissioners erred in allqwing the appellee three dollars and fifty cents,, for planting and raising apple trees; that the allowance should have been for planting only, and not rais-. ing. But is it intended by the court to say, that it *527 Efequires tí# labor to prune, keep in growing order, and rear an apple orchard? If it requires labor, &c. why should not labor, &c. be paid for, as well as labor of planting? Of what value would be a tree planted, and never again have further attention paid it? Would it be expected by the court, that the tree would be of any value? It is for labor and attention in pruning and rearing, &c. as well as planting, that the commissioners are understood to have made the allowance, and assessed the value for planting and raising, and it is respectfully contended, that in making the estimate, they cannot be said to have erred.
Occupant,ing thatit does not b&» loeg to person from whom he has purchased, ¡8 responsible for rent, from time of bis entry.
But the court say if the planting and raising apple trees be worth three dollars and fifty cents, something ought to be allowed for the use of the trees. The trees may, for aught that appears to the court, however, never have been of any actual benefit to the appellee; they may be young trees, not having come to maturity, so as to bear fruits
If the views which the counsel have taken, be, upon further reflection, sustained by the court, the result,/ it is hoped, will be an affirmance of the decree, of the court below.